# IN THE COURT OF APPEALS OF IOWA

No. 19-1580
Filed February 3, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFREY KENNETH STOCKMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Stuart P. Werling,

Judge.


        Jeffrey Stockman appeals his conviction for operating while intoxicated, first

offense.  **AFFIRMED.**


        Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

The State charged Jeffrey Stockman with operating a motor vehicle while intoxicated, first offense, in violation of Iowa Code section 321J.2(1)(a) and (2)(a) (2018). A jury found him guilty. On appeal, Stockman challenges the sufficiency of the evidence supporting the jury's finding of guilt.

The jury was instructed that the State would have to prove the following elements:

> 1. On or about the 16th day of December, 2018, the defendant operated a motor vehicle.
> 2. At that time, the defendant was under the influence of alcohol, drugs, or a combination of alcohol and drugs.

With respect to the second element, the jury was instructed:

> A person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true:
> 1. His reason or mental ability has been affected.
> 2. His judgment is impaired.
> 3. His emotions are visibly excited.
> 4. He has, to any extent, lost control of bodily actions or motions.

A reasonable juror could have found the following facts. On a Sunday afternoon, Clinton police were dispatched to a city parking lot "for an intoxicated subject . . . walking to their car." One of the officers made contact with Stockman, who was in the driver's seat. The officer asked Stockman to step out of the vehicle. The officer "could smell the odor of alcohol coming from his breath as he would talk," and he could also smell "feces and urine." The officer determined Stockman was intoxicated and "he was not" safe to drive. Stockman told the officer he would wait in the parking lot for a few hours "to sober up."

Stockman did not wait. Approximately "ten minutes" later, a sergeant who remained at the scene in an unmarked vehicle observed Stockman back out of the parking space and leave the parking lot. Based on the previous "signs . . . of intoxication," he determined police "needed to get him stopped" to "do a formal investigation into his intoxicated state."

The officer who spoke to Stockman at the outset returned to the scene and stopped Stockman's vehicle. His interactions with Stockman were captured on video. The sergeant who observed Stockman leaving the parking lot and a third officer were also present.

The officer who stopped the vehicle told Stockman to step out. Stockman did so somewhat belligerently, with his pants slipping down. The officer advised Stockman "you're exposing things I don't want to see," told him to pull his pants up, and attempted to administer a horizontal gaze nystagmus field sobriety test. The officer was unable to complete the test because Stockman "was not following [his] directions." He did not administer the remaining field sobriety tests in light of Stockman's unsteadiness, depicted clearly on the video footage. The officer testified he was close enough to Stockman to smell "[t]he odor of alcohol, the odor of feces, and urine" emanating from him.

Substantial evidence supports the jury's finding of guilt. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (citation omitted). Contrary to Stockman's assertion, a reasonable juror could have discounted evidence of Stockman's "mental issues" as the reason for his lack of lucidity, given the primary officer's affirmation that Stockman "was impaired, intoxicated." And a reasonable juror could have determined the officer possessed the expertise and training to

gauge the difference based on his testimony that he had "deal[t] with . . . hundreds of people" who were "impaired."

We affirm Stockman's judgment and sentence for operating a motor vehicle while intoxicated, first offense.

**AFFIRMED.**